IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA      )
                              )
        v.                    )   CRIMINAL ACTION NO.
                              )     2:09cr172-MHT
CHRISTOPHER MERRELL McBRIDE )        (WO)

OPINION AND ORDER

Defendant Christopher Merrell McBride pled guilty to
being a felon in possession of a firearm.  18 U.S.C. §
922(g)(1). This criminal matter is before the court on
the question whether McBride is mentally competent to be
sentenced.  The court must determine whether McBride "may
presently be suffering from a mental disease or defect
rendering him mentally incompetent to the extent that he
is unable to understand the nature and consequences of
the proceedings against him or to assist properly in his
defense."  18 U.S.C. § 4241(a).  Based on the evidence
presented, the court holds that McBride is not only
competent to be sentenced but also that he was competent

at the time he entered his guilty plea and that he has knowingly and competently waived any insanity defense.

Prior to sentencing, the government and McBride's counsel expressed concerns about McBride's competency. In February 2010, McBride began acting erratically. After some investigation, the government and McBride's counsel reported that he was talking to himself for hours at a time and telling others he was speaking with God; removing his clothing saying that Satan was in his clothes; removing his clothing because God wanted him to be nude; stating that others were casting witchcraft spells over him and trying to poison him; bathing in toilet water; drinking and eating from dirty toilet water; scraping paint from jail walls and eating it; leaving feces and urine throughout his cell; sleeping in the nude on the cement floor under his bed; and refusing to eat for many days at a time. Based upon these reports, the court felt compelled to order a competency evaluation. Therefore, according to the provisions of 18

U.S.C. §§ 4241 and 4247, the court ordered that McBride be committed for a period not to exceed 30 days, in order to be observed, examined, and treated concerning his mental competency.  The court ordered that the evaluator determine whether McBride was competent to be sentenced as well as whether he was competent at the time of the offense and when he entered his plea of guilty.

McBride was examined by Dr. Randall Rattan at the Federal Correctional Institute in Forth Worth, Texas.  At the end of the period of commitment, Dr. Rattan submitted a report on McBride's mental competency.  This report explained the various procedures used to evaluate McBride, which included clinical interviews with McBride himself, a review of McBride's records, and a battery of psychological tests.  In the end, Dr. Rattan concluded that McBride was not suffering from a mental disease or defect that would prevent him from being sentenced.  Dr. Rattan found that McBride's conduct can best be described as a brief psychotic disorder, with marked stressors.  He

explained in his report that, "This disorder is characterized by the presence of psychotic symptoms between one day to one month in length." In spite of this disorder, Dr. Rattan found that McBride was competent for sentencing. He also concluded that McBride was competent at the time of his plea and at the time of the offense. Dr. Rattan reports that McBride has a strong understanding of the legal system as well as legal strategy.

After an independent consideration of Dr. Rattan's report and the various psychological evaluations and diagnoses contained in it and after hearing testimony from McBride's counsel and McBride himself presented at a hearing held on July 8, 2010, the court concurs with Dr. Rattan's assessment and concludes that McBride is not currently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and the consequences of the proceedings against him or assist properly in his defense. The court

4

therefore finds that McBride is mentally competent to be sentenced.

Furthermore, the court accepts McBride's own testimony that he was competent at the time of his plea of guilty and that he was not insane at the time of the offense.   Indeed, Dr. Rattan's report supports the finding that McBride was competent during these times as well.   The court therefore finds that McBride was mentally competent at the time he entered his guilty plea and that he has knowingly and competently waived any insanity defense.

Accordingly, it is ORDERED and DECLARED that defendant Christopher McBride is mentally competent to be sentenced, that is, he is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is further ORDERED and DECLARED that defendant McBride was mentally competent at the time he entered his guilty plea, that is, he was not then suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is further ORDERED and DECLARED that defendant McBride has knowingly and competently waived any insanity defense.

Done, this the 9th day of July, 2010.

　　　　　　　　　　　　　　 /s/ Myron H. Thompson
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE